IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DAVID JENNER and MARY MITCHELL, <br><br> Plaintiffs, <br><br> v. <br><br> PNC BANK, NA; RESOLVION LLC; and SUPERIOR KENTUCKY AUTO RECOVERY, LLC d/b/a Southern Kentucky Auto Recovery, <br><br> Defendants. | Case No. _____ <br><br> (Removed from the Circuit Court for Davidson County, Tennessee; Case No. 23C252) |

## NOTICE OF REMOVAL

Defendants PNC Bank, N.A. and Resolvion LLC, n/k/a Resolvion, GP (collectively, "Defendants") provide notice of the removal of this action from the Circuit Court for Davidson County, Tennessee to the United States District Court of the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. As grounds for this removal, Defendants state as follows:

### GROUNDS FOR REMOVAL

1. Removal is proper because Defendants have satisfied the procedural requirements for removal, and this Court has original jurisdiction over this action.

I. **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

2. On February 1, 2023, Plaintiffs David Jenner and Mary Mitchell filed a Complaint against Defendants and Superior Kentucky Auto Recovery, LLC d/b/a Southern

1

Kentucky Auto Recovery ("Superior") in the Circuit Court for Davidson County, Tennessee, Case No. 23C252.

3. In accordance with 28 U.S.C. § 1446(a), a complete copy of the state court file is attached as **Exhibit A**.

4. Plaintiffs assert three causes of action that relate to an auto loan that Plaintiffs obtained from PNC's predecessor: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"); (2) conversion and trespass to chattel; and (3) wrongful repossession and breach of the peace. *See* **Ex. A** (Complaint) at 2–5.

5. Removal is timely because fewer than thirty days have passed since May 16, 2023 – the date on which Resolvion received the Summons and Complaint. *See generally id.* (no Return of Service has been filed for PNC or Resolvion); *see also* 28 U.S.C. § 1446(b).

6. Venue is proper under 28 U.S.C. §§ 123(b)(1) and 1441(a) because this District and Division embrace the Circuit Court of Davidson County, Tennessee, the forum in which the removed action was pending.

7. Superior has not yet been served. *See* **Ex. A** at 18 (Return on Service reflecting failed service on Superior). Therefore, Superior's consent to removal is not required. *See* 28 U.S.C. 1446(b)(2)(A) (requiring only defendants "who have been properly joined and served" to "join in or consent to the removal of the action").

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all counsel of record at the time of removal and filed with the Clerk of the Circuit Court of Davidson County, Tennessee.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter, whether pursuant to FED. R. CIV. P. 8(c), FED. R. CIV. P. 12(b), or otherwise.

## II. THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS ACTION.

10. This case is properly removable because this Court has federal question jurisdiction over this action. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants …").

11. This Court has original jurisdiction over all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331.

12. "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). To determine whether a complaint "arises under" federal law, a court must examine the complaint's "well pleaded" allegations. *Id.* Accordingly, a case is generally removable if a federal question is presented "on the face of the plaintiff's properly pleaded complaint." *Leaumont v. City of Alexandria*, 582 Fed. Appx. 407, 410 (5th Cir. 2014) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

13. This Court has jurisdiction over Plaintiffs' FDCPA claim under 28 U.S.C. § 1331.

14. The Court also has supplemental jurisdiction over Plaintiffs' remaining state law claims because both the state and federal law claims concern Plaintiffs' auto loan. *See* 28 U.S.C. § 1367. Consequently, the claims are so related that they form part of the same case or controversy. *See* **Ex. A** (Complaint) at 2–5.

3

Respectfully submitted,

*s/ Hunter Robinson*
J. Hunter Robinson (BPR# 037425)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Phone: (615) 252-2328
Fax: (615) 252-6342
Email: hrobinson@bradley.com

*Attorneys for PNC Bank, N.A. and Resolvion LLC, n/k/a Resolvion, GP*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on the 14th day of June, 2023, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which sent electronic notification of such filing to all CM/ECF participants.

      The undersigned further certifies that a true and correct copy of the foregoing document was sent by ordinary United States mail, first class postage prepaid, on the 14th day of June, 2023, to the following:

T. Blaine Dixon
Watts & Herring, LLC
105 Court Street
P.O. Box 852
Erin, TN 37061
*Attorney for Plaintiffs*

Superior Kentucky Auto Recovery, LLC
d/b/a Southern Kentucky Auto Recovery
c/o John Allen Campbell, Registered Agent
249 New Gritton Avenue
Oak Grove, KY 42262

                                                  */s Hunter Robinson*
                                                  Hunter Robinson